# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STIFEL, NICOLAUS & CO., | * | |
| Petitioner, | * | |
| v. | * | Civil Case No. SAG-20-0005 |
| MICHAEL STERN, WENDY STERN, *et al.*, | * | |
| Respondents. | * | |

************

## MEMORANDUM OPINION

THIS MATTER concerns a petition by Stifel, Nicolaus & Co. ("Petitioner") to vacate an arbitration award issued in favor of Michael Stern, Wendy Stern, Paul Levin and the Estate of Gloria Levin ("Respondents"). Petitioner filed a Complaint in this Court, seeking to vacate the arbitration award. ECF 1, ECF 1-2. Respondents filed a Motion to Dismiss the Petition, ECF 38, Petitioner filed an opposition, ECF 39, and Respondents filed a Reply, ECF 40. The Motion to Dismiss is now ripe for adjudication, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Respondents' Motion to Dismiss will be DENIED.

## I. FACTUAL BACKGROUND

The facts in this matter are largely undisputed. Respondents opened brokerage accounts with Petitioner in 2007, under Petitioner's "Horizon Program ." ECF 1-2 at 4. The Horizon Program is a non-discretionary advisory program, meaning that Petitioner could not enter into a transaction absent Respondents' express direction to do so. *Id.* Kenneth Blumberg ("Blumberg") was the primary financial advisor assigned to Respondents' accounts. *Id.* From 2011 through mid-2015, Respondents' accounts experienced significant gains in value. As of June, 2015, the Sterns' accounts had increased by approximately $1,252,015 since 2011, to a total value of $1,552,784. *Id.* at 4–5. Similarly, the Levins' accounts

increased by approximately $1,435,585 over the same time period, to a total value of $1,788,609. *Id.* at 5. Respondents transferred their accounts away from Petitioner's management in or about June, 2016. *Id.* Although the value of their accounts had decreased from the peak in 2015, Respondents still left with a combined gain of $1,593,680. *Id.*

In December, 2017, Respondents filed a claim for arbitration with the Financial Industry Regulatory Authority ("FINRA"). ECF 38-1 at 9. FINRA operates the largest securities dispute resolution forum in the United States, and has its own Code of Arbitration Procedure. *Id.* The claim was titled case number 17-03299, and the parties participated in a hearing before a panel of three arbitrators: Catherine Bocksor, John Coker, and Edward Gutman. ECF 38-6. The parties presented their closing arguments on August 19, 2019. ECF 1-2 at 9.

On October 3, 2019, FINRA delivered the panel's decision. After considering the pleadings, testimony, and evidence presented at the hearing, the panel decided:

> Respondent Stifel Nicolaus & Co., Inc., is liable for and shall pay to Claimants Michael Stern, Wendy Stern, Paul Levin, and Estate of Gloria Levin, the sum of $1,524,176.00 in compensatory damages.

ECF 38-6 at 8. FINRA rules allow parties to request an "explained decision," with the claim's resolution. However, Petitioner did not ask for an explained decision, and Respondents' request for an explained decision was denied. *Id.* The brief panel decision stated, *inter alia*, that the award should be paid within 30 days. *Id.* at 2. Accordingly, Petitioner delivered a check to Respondents for the full award on October 29, 2019. ECF 28-9 (stating $1,524,176.00 "represents full and final payment of the award amount").

On December 11, 2019, FINRA "re-served" the award with a somewhat modified letter. ECF 38-10. Whereas the October letter included signatures from only two arbitrators, the December letter included signatures from all three arbitrators, along with a dissent from arbitrator

2

Edward Gutman. *See id.* Nonetheless, FINRA explained that service of the December letter did "not modify any of the information and applicable due dates referenced in FINRA's October 3, 2019 letter." *Id.* at 2. Petitioner filed its Motion to Vacate the award in this Court on January 2, 2020. ECF 1.

## II. LEGAL STANDARD

Respondents move for dismissal of Petitioner's Motion to Vacate based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 38. When a Rule 12(b)(1) motion contests the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction rests with the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.* A district court should grant a motion to dismiss for lack of subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Morgan Stanley v. NIRAV BABU*, 2020 WL 1331995, at *3 (D. Md. Mar. 23, 2020) (quoting *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018)).

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

3

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts]

4

in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III. ANALYSIS

Instead of filing a Motion to Confirm the arbitration award, Respondents have moved to Dismiss Petitioner's Complaint on three grounds. ECF 38-1. Each is addressed in turn.

#### A. Timeliness of Motion to Vacate

Respondents first contend that Maryland law governs the deadline for Petitioner to file its Motion to Vacate. ECF 38-1 at 12–14. In a federal diversity case, courts generally apply the choice of law rules of the forum state, which, in this case, is Maryland. *UBS Fin. Servs., Inc. v. Padussis*, 127 F. Supp. 3d 483, 492 (D. Md. 2015) (quoting *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). Under the Uniform Arbitration Act of Maryland, a Motion to Vacate must be filed within thirty days after delivery of the arbitration award. Md. Code Ann., Cts. & Jud. Proc. § 3-224. Although Petitioner argues that delivery of the December 11, 2019 letter constitutes an entirely new award, ECF 39 at 8–9, the Court is not persuaded. The October 3, 2019 letter makes clear that it represents the final adjudication of the parties' dispute. ECF 38-6 at 2 ("Attached please find the decision reached by the arbitrator(s) in the above-referenced matter. Accordingly,

we have closed this case and removed it from our arbitration docket."). Moreover, in the December 11, 2019 letter, FINRA clarified that re-service of the award did "not modify any of the information and applicable due dates." ECF 38-10 at 2.

However, Respondents have not demonstrated that Maryland's Uniform Arbitration Act, and its thirty-day deadline, should govern this matter. The Federal Arbitration Act ("FAA") "supplies not simply a procedural framework applicable in federal courts; it also calls for the application, in state as well as federal courts, of federal substantive law regarding arbitration." *Dewan v. Walia*, 544 F. App'x 240, 244 (4th Cir. 2013) (quoting *Preston v. Ferrer*, 552 U.S. 346, 349 (2008)). "[A] contract's general choice-of-law provision does not displace federal arbitration law if the contract involves interstate commerce." *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 697 n.7 (4th Cir. 2012). The FAA provides:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.

9 U.S.C. § 12.

Moreover, the arbitration agreement between Petitioner and Respondents contains a choice-of-law provision stating, "Any arbitration under this Agreement shall be determined pursuant to the arbitration laws of the State of *Missouri* and Federal Arbitration Act, where applicable." ECF 39-3 ¶ 8 (emphasis added). Maryland appellate courts have long recognized the ability of parties to specify in their contracts which state's law will apply. *Padussis*, 127 F. Supp. 3d at 492 (quoting *Henry v. Gateway, Inc.*, 979 A.2d 287, 297 (Md. Ct. Spec. App. 2009)). Respondents have not identified any particular provision in the contract providing that Maryland law should apply, and have cited no authority for their position that the deadline to file a petition to vacate is governed by Maryland law. *Cf. Ekstrom v. Value Health, Inc.*, 68 F.3d 1391, 1395 (D.C. Cir. 1995) (applying Connecticut's 30-day time limit to file petition to vacate, due to

contractual terms). Like the FAA, Missouri's Uniform Arbitration Act imposes a ninety-day deadline to file a motion to vacate. *See* Mo. Rev. Stat. § 435.405.

A case cited by Respondents themselves bolsters the notion that the ninety-day deadline should apply, not Maryland's thirty-day deadline. In *Levy v. Wells Fargo Advisors*, 2016 WL 6137244 (E.D. Pa. Oct. 18, 2016), the parties engaged in arbitration with a FINRA panel. *Id.* at *1. After FINRA issued its decision, the petitioner filed a motion to vacate the award in federal court. *Id.* Because Wells Fargo contended that the motion to vacate was untimely, the Court first determined which body of law should govern the filing deadline. Pertinent here, the parties' agreement stated that New York law and the FAA would govern. *Id.* As such, despite the fact that the case was pending in federal court in Pennsylvania, the Court found that both the FAA and New York law applied to the matter. *Id.* at *2. Specifically, the Court found that New York law supplies a deadline for *filing* a motion to vacate, while the FAA supplies a deadline for *service* of the motion to vacate. *Id.*

As an aside, the FAA expressly provides a deadline for serving, not filing, a motion to vacate. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served . . . within three months after the award is filed or delivered."). However, some federal courts have interpreted § 12 to supply a deadline for filing, in addition to serving, a motion. *See, e.g.*, *Benchmark Electronics v. Myers*, 2019 WL 6528587 (D. Md. Dec. 3, 2019) (rejecting timeliness argument because "Plaintiff filed its Complaint on January 25, 2019, well within the three-month period that was triggered when the Arbitrator issued her final award"); *Sir Taj Hotel v. Essex Ins. Co.*, 2016 WL 6645793, at *5 (C.D. Cal. Feb. 3, 2016); *Ameriprise Fin. Servs., Inc. v. Deane*, 2014 WL 6951952, at *2 (D. Md. Dec. 5, 2014) ("Under the Federal Arbitration Act, a motion to vacate, modify, or correct an arbitration award must be *filed* not later than 90 days after

7

the date of service of the award. *See* 9 U.S.C. § 12.") (emphasis added); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("The award in this case was filed on September 11, 1984, and the motion to vacate made on February 12, 1985, more than five months later."). In fact, *Sir Taj Hotel* is instructive. In that case, the defendant company argued that a petition to vacate was untimely under § 12, while the plaintiff responded that the petition was timely under California law. 2016 WL 6645793, at *5. However, the Court found that "federal law provides the operative rules in this action," and thus, "because Plaintiff's Petition was filed more than three months after the appraisal award was issued, it is untimely under the FAA." *Id.*

Ultimately, this Court concurs with the reasoning in *Levy,* which demonstrates that the appropriate deadline in this matter is ninety days, not thirty days. Applying the *Levy* principles, by the terms of the agreement between Petitioner and Respondents, the FAA and Missouri law should govern. And, if this Court follows the analysis from *Taj Hotel* and *Benchmark Electronics*, then § 12 of the FAA would supply the relevant filing deadline, along with the service deadline.

The Court therefore finds that Petitioner had ninety days from the date of the October 3, 2019 letter to file its Motion. *See Int'l Hospitality Servs., Inc. v. Hartford Cas. Ins. Co.*, 2005 WL 2622023, at *3 (E.D. Va. Oct. 14, 2005) (explaining that courts may proceed without addressing choice of law questions when there is not a conflict between the relevant laws). Under both the FAA and Missouri law, since Petitioner filed its Complaint on January 2, 2020, the Motion is timely.

### B. Service of Process

Next, Respondents argue that the Motion to Vacate should be dismissed because service was untimely under the FAA. ECF 38-1 at 14–15. As noted above, § 12 of the FAA provides that "notice of a motion to vacate… an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Since FINRA delivered the award on

October 3, 2019, the parties agree that Petitioner was required to serve its notice by January 3, 2020. *See* ECF 39 at 10, ECF 38-1 at 14. Although the parties present different characterizations of Petitioner's attempted service, it is undisputed that (1) Petitioner attempted to deliver its Motion to Vacate physically on January 2, 2020, (2) Petitioner delivered service electronically on January 2, 2020, and (3) Petitioner delivered physical service on January 3, 2020. *See* ECF 39 at 11. While that January 3, 2020 physical delivery would undoubtedly be timely, Respondents contend that service was not effectuated because the delivered documents "did not include a signed summons," ECF 40 at 6.

Rule 4 does contemplate that a summons should be included as part of service. *See* Fed. R. Civ. Proc. 4. Even so, "when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court."[1] *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963)). In this case, Petitioner delivered notice of the Motion to Vacate physically and electronically by the January 3, 2020 deadline. At the request of Respondents' counsel, Petitioner again hand delivered the Motion — with summons — on January 6, 2020. Though the January 6, 2020 deadline was technically outside of the FAA's limitations period, the Court finds that Respondents had adequate notice of this action as of January 3, 2020.

### C. Waiver of Challenge to Arbitration Award

Finally, Respondents contend that by paying the full award, Petitioner has, in essence, "waived" its ability to appeal the arbitration decision. ECF 38-1 at 15–16. Certainly, Petitioner concedes that it delivered a check for $1.5 million on October 29, 2019. *See* ECF 28-9. However,

---

[1] Notably, Petitioner also notes that some courts have found that a summons is not required in order to comply with the FAA's service provision. *See Associated Industries Ins. Co., Inc. v. Excalibur Reinsurance Corp.*, 2014 WL 6792021, at *4 (S.D.N.Y. Nov. 26, 2014).

none of the cases cited by Respondents dictates that Petitioner has relinquished its ability to pursue a challenge to the award.

For example, *Rispoli v. Jackson*, 51 Md. App. 606 (1982), involved a tragic car accident on an interstate highway. *Id.* at 607. Following a trial and a verdict in the appellant's favor, the appellant accepted a check from the appellees' insurer, and signed a "partial release" and order of satisfaction, for nearly all of his claims. *Id.* at 610. Accordingly, the Maryland Court found that,

> When the appellant in this case *accepted* the benefits of the trial court's judgment, the litigation was finally concluded, and he cannot obtain appellate review of the court's rulings as to a single count of that litigation.

*Id.* at 611–12 (emphasis added).

Similarly, in *Dubin v. Mobile Land Corp.*, 250 Md. 349 (1968), the Howard County Circuit Court had enjoined the appellant, a mortgagee, from instituting foreclosure proceedings for any default that occurred before the date of a judicial decree. *Id.* at 350. As part of its decision, the lower court directed that the clerk should pay the appellant a sum of $330.56, for the expenses that he had incurred in initiating foreclosure proceedings. *Id.* at 351–52. On appeal, the mortgagor-appellee argued that the appeal had become moot, as a result of the appellant's acceptance of a check for $330.56. According to the court "if a party, knowing the facts voluntarily *accepts* the benefits accruing to him under a judgment," he is estopped "from maintaining an appeal therefrom." *Id.* at 353 (emphasis added).

Here, by contrast, Petitioner has not *accepted* the benefits of an arbitration award. Petitioner simply paid the $1.5 million award to Respondents within 30 days of the arbitration decision, as required by FINRA. Accordingly, Petitioner is not foreclosed from pursuing its

Motion to Vacate the award.² *Cf. Woodson v. Chamberlain*, 317 F.2d 245, 246 (4th Cir. 1963) ("The usual rule in the federal courts is that payment of a judgment does not foreclose an appeal.").

### IV. CONCLUSION

For the reasons set forth above, Respondents' Motion to Dismiss, ECF 38, is denied. A separate Order follows.

Dated: March 31, 2020

                                                          /s/
                                           Stephanie A. Gallagher
                                           United States District Judge

---

² The Court's decision should not be read to imply that Petitioner is likely to succeed on the merits. Given the deferential standard of review in this context, Petitioner has a significantly challenging road ahead, to show that the arbitration panel's award should be vacated. *See, e.g.*, *Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991) ("An arbitration award is enforceable even if the award resulted from a misinterpretation of the law, faulty legal reasoning or erroneous legal conclusion."). Moreover, those defending an arbitration award typically have the opportunity to prevail via a motion to enforce, 9 U.S.C. § 9, or via a summary judgment motion, *see, e.g.*, *Choice Hotels Int'l, Inc. v. Patel*, 2019 WL 4116067, at *2 (D. Md. Aug. 29, 2019); *Benchmark Electronics*, 2019 WL 6528587, at *5 (explaining that motions for summary judgment are "the typical mechanism by which requests to vacate an arbitration award are resolved").