**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 17, 2020

LETTER OPINION
    RE:   *Stifel, Nicolaus & Co. v. Stern*, et al., 20-0005-SAG

Dear Counsel:

    Petitioner filed a Complaint and Petition to Vacate an award issued by a FINRA arbitration panel. ECF 1. On March 31, 2020, this Court issued a Memorandum Opinion and Order denying Defendants' Motion to Dismiss the Petition. *See* ECF 41, ECF 42. As a result, Respondents opposed the Motion to Vacate, ECF 43, and Petitioner filed a Reply in further support of the Motion, ECF 44.

    As the parties are well aware, judicial review of arbitration awards "is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998). Permissible grounds for vacating an award "include those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." *Patten v. Signatore Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006).

    However, "when the arbitrators do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law." *O.R. Sec., Inc. v. Prof'l Planning Ass'n, Inc.*, 857 F.2d 742, 747 (11th Cir. 1988). Here, because the panel did not provide an "explained decision" for its arbitration award, the Court does not currently have a viable method to conduct even a limited review of the merits of the decision.

    In these circumstances, courts have, at times, remanded a matter to the arbitration panel, seeking further explanation for its decision. *See, e.g.*, *Interactive Brokers, LLC v. Saroop*, 279 F. Supp. 3d 699 (E.D. Va. 2017) (declining to rule on a motion to vacate in order to remand to arbitration panel for clarification of award); *see also Cannelton Indus., Inc. v. Dist. 17, Un. Mine Workers of Am.*, 951 F.2d 591, 594 (4th Cir. 1991).

    Accordingly, the Court requests that each party file a supplement stating its position on whether remand to the arbitration panel would be appropriate in these circumstances. The supplement should be filed on or before August 7, 2020.

    Sincerely yours,

    /s/
    Stephanie A. Gallagher
    United States District Judge