IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STIFEL, NICOLAUS & CO., | * |
| Petitioner, | * |
| v. | * Civil Case No. SAG-20-0005 |
| MICHAEL STERN, WENDY STERN, *et al.*, | * |
| Respondents. | * |

************

## MEMORANDUM OPINION

THIS MATTER concerns a petition by Stifel, Nicolaus & Co. ("Petitioner") to vacate an arbitration award issued in favor of Michael Stern, Wendy Stern, Paul Levin and the Estate of Gloria Levin ("Respondents"). Petitioner filed a Complaint in this Court, seeking to vacate the arbitration award. ECF 1, ECF 1-2. Respondents filed an Opposition, ECF 43, and Petitioner filed a Reply, ECF 44. The Motion to Vacate is now ripe for adjudication, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

I.  FACTUAL BACKGROUND

The facts in this matter are largely undisputed. Respondents opened brokerage accounts with Petitioner in 2007, under Petitioner's "Horizon Program." ECF 1-2 at 4. The Horizon Program is a non-discretionary advisory program, meaning that Petitioner could not enter into a transaction, absent Respondents' express direction to do so. *Id.* Kenneth Blumberg ("Blumberg") was the primary financial advisor assigned to Respondents' accounts. *Id.* From 2011 through mid-2015, Respondents' accounts experienced significant gains in value. As of June, 2015, the Sterns' accounts had increased by approximately $1,252,015 since 2011, to a total value of $1,552,784. *Id.* at 4–5. Similarly, the Levins' accounts increased by approximately $1,435,585 over the same time period, to a total value of $1,788,609. *Id.* at 5. Respondents transferred their accounts away

from Petitioner's management in or about June, 2016. *Id.* Although the value of their accounts had decreased from the peak in 2015, Respondents still left with a combined gain of $1,593,680. *Id.*

In December, 2017, Respondents filed a claim for arbitration with the Financial Industry Regulatory Authority ("FINRA"), seeking some of the lost value to their accounts. ECF 38-1 at 9. FINRA operates the largest securities dispute resolution forum in the United States, and has its own Code of Arbitration Procedure. *Id.* The claim was titled case number 17-03299, and the parties participated in a hearing before a panel of three arbitrators: Catherine Bocksor, John Coker, and Edward Gutman.  ECF 38-6. The parties presented their closing arguments on August 19, 2019. ECF 1-2 at 9.

On October 3, 2019, FINRA delivered the panel's decision. After considering the pleadings, testimony, and evidence presented at the hearing, the panel decided:

> Respondent Stifel Nicolaus & Co., Inc., is liable for and shall pay to Claimants Michael Stern, Wendy Stern, Paul Levin, and Estate of Gloria Levin, the sum of $1,524,176.00 in compensatory damages.

ECF 9 at 5. FINRA rules allow parties to request an "explained decision" to accompany the claim's resolution. However, Petitioner did not ask for an explained decision, and Respondents' request for an explained decision was denied. *Id.* The brief panel decision stated, *inter alia*, that the award should be paid within 30 days. *Id.* at 2. Accordingly, Petitioner delivered a check to Respondents for the full award amount on October 29, 2019. ECF 28-9 (stating $1,524,176.00 "represents full and final payment of the award amount").

On December 11, 2019, FINRA "re-served" the award with a somewhat modified letter. ECF 10. Whereas the October letter had included signatures from only two arbitrators, the December letter included signatures from all three arbitrators, along with a written dissent from arbitrator Edward Gutman. *See id.*  Nonetheless, FINRA explained that service of the December

letter did "not modify any of the information and applicable due dates referenced in FINRA's October 3, 2019 letter." *Id.* at 2.

Petitioner filed its Motion to Vacate the award in this Court, ECF 1, to which Respondents filed a Motion to Dismiss, ECF 38. This Court denied the Motion to Dismiss in a Memorandum Opinion and Order dated March 31, 2020. ECF 41, ECF 42. On July 17, 2020, this Court directed the parties to file a supplement stating their position on whether remand to the arbitration panel would be appropriate in these circumstances. ECF 45. In response, Petitioner submitted a brief supporting a remand, ECF 47, while Respondents took the position that remand is neither required, nor appropriate, ECF 46.

## II. LEGAL STANDARD

"Judicial review of an arbitration award in federal court is 'substantially circumscribed.'" *Three S. Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (quoting *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006)). "In fact, the scope of judicial review for an arbitrator's decision 'is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all- the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Id.* (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998)). Courts may vacate or modify an arbitration award only under the limited circumstances listed in the Federal Arbitration Act… or under the common law if the award 'fails to draw its essence from the contract' or 'evidences a manifest disregard of the law.'" *UBS Fin. Servcs., Inc. v. Padussis*, 842 F.3d 336, 339 (4th Cir. 2016) (quoting *Patten*, 441 F.3d at 234).

**III.   ANALYSIS**

As its basis for seeking revocation, Petitioner contends that the arbitrators voting in the majority (the "Concurring Arbitrators") manifestly disregarded the law. *See generally* ECF 1-2. Importantly, to "vacate an award under the manifest disregard theory, the arbitration record must show that (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator refused to heed that legal principle." *Wachovia Securities, LLC v. Brand*, 671 F.3d 472, 481 (4th Cir. 2012) (citation omitted). Accordingly, "proving manifest disregard require[s] something beyond showing that the arbitrators misconstrued the law, especially given that arbitrators are not required to explain their reasoning." *Id.*; *see also Constellium Rolled Products Ravenswood, LLC v. Un. Steel, Paper and Forestry*, 2020 WL 3104912, at *4 (S.D. W. Va. June 11, 2020).

In this case, Petitioner does not come close to clearing this substantial legal hurdle. For example, Petitioner contends that the Concurring Arbitrators wrongly applied Maryland Trust Law and Restatement § 209. ECF 1-2 at 9. However, Petitioner has not directed this Court to where the panel explicitly based its award on either of those sources. Instead, Petitioner relies on the *characterization* of the majority's decision by arbitrator Edward Gutman in his dissenting opinion. This Court will not defer to the views expressed by a dissenting arbitrator in an opinion submitted months after the panel's actual decision. Accepting the dissenting arbitrator's view of the majority's reasoning would be particularly inequitable in these circumstances. Under FINRA rules, Petitioner could have requested an "explained decision" from the panel, but did not do so. In fact, despite Petitioner's decision to forego receiving the panel's rationale, Respondents requested an explained decision, though it was denied. This Court finds it inappropriate to reward Petitioner for

its choice — either by deferring to Mr. Gutman's dissent, or by remanding to the arbitration panel for additional explanation.

Moreover, the case law that Petitioner relies upon does not dictate that remand is necessary in these circumstances, nor that the arbitration award should be vacated. For example, in *Interactive Brokers v. Saroop*, 2018 WL 6683047 (E.D. Va. Dec. 19, 2018), the claimants opened accounts with Interactive, an online brokerage firm. *Id.* at *1. At some point while Interactive executed its investment strategy, the claimants' accounts decreased by 80% in value. *Id.* at *3. Soon thereafter, the Claimants filed an arbitration claim with FINRA, as required by their agreement with Interactive. *Id.* The arbitration panel held a hearing and, because neither side requested an explained decision, the award consisted of just a few sentences. *Id.* (awarding damages to the Claimants). Interactive, much like Petitioner here, moved to vacate the arbitration decision in federal court, and the Claimants sought to confirm it. *Id.* at *4.

Pertinent here, rather than granting either the Motion to Confirm or the Motion to Vacate, United States District Judge Robert E. Payne initially remanded the matter back to the arbitration panel for explanation. While recognizing "the extreme deference owed to arbitrators' decisions," *id.* at *4, the Court, nevertheless, found several parts of the arbitration award confounding. For example, the Court "could not concoct a scenario where the amount of compensatory damages awarded in this case makes sense." *Id.* at *5. Additionally, although the decision stated that "any and all claims for relief not specifically addressed… are denied," the award was not clear about which claims had been "specifically addressed." *Id.* Accordingly, Judge Payne found that it would be improper to "rubber stamp" a decision that he could not understand. *Id.*

By contrast, this Court has no difficulty comprehending the arbitration panel's decision in this case. The panel was tasked with (1) determining whether Petitioner, through Mr. Blumberg,

violated the applicable standards of care and, if so, (2) articulating an appropriate remedy. The award accurately lays out Respondents' causes of action, and adjudges Petitioner liable. Whereas the *Interactive Brokers* arbitrators arrived at their damages award in a seemingly unintelligible manner, here, the Concurring Arbitrators issued precisely the amount of damages that were requested by Respondents. *See* ECF 1-9 (awarding $1,524,176.00 in damages, as requested by Respondents at the close of the hearing).

Judge Payne's assessment of the arbitration award in *Interactive Brokers* led him to not only remand to the panel for explanation, but also to later vacate the award. As noted above, the arbitration decision that this Court confronts does not suffer from the same infirmities that Judge Payne observed. Critically, however, even given the circumstances presented to Judge Payne, the Fourth Circuit ultimately reversed his decision. *See Interactive Brokers LLC v. Saroop*, 2020 WL 4668551 (4th Cir. Aug. 12, 2020). The Fourth Circuit reiterated the highly deferential standard of review in the context of reviewing an arbitration decision:

> A more searching review would "render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process" and bring arbitration theory to grief… "When parties consent to arbitration, and thereby consent to extremely limited appellate review, they assume the risk that the arbitrator may interpret the law in a way with which they disagree."

*Id.* at *3.

The Court addressed each purported error that Judge Payne found in the arbitration panel's decisions, and found that none of them constituted manifest disregard of the law. In this case, Petitioner has not even met its burden to show that the applicable law is "clearly defined and not subject to reasonable debate." *Id.* (quoting *Jones v. Dancel*, 792 F.3d 395, 402 (4th Cir. 2015)). Certainly, Petitioner cannot show that the arbitrators understood a particular legal principle and refused to apply it. In terms of the arbitration proceedings, the parties got what they bargained for.

The arbitration panel considered the parties' pleadings, as well as the evidence and expert testimony presented at the hearing. The panel found that Petitioner was liable, and awarded damages in an amount that is completely consistent with Respondents' claims, without elucidating their rationale in an explained decision. As a reviewing court, I must assess "only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Securities*, 671 F.3d at 478. Petitioner has not met his "heavy burden," *Patten*, 441 F.3d at 235, to show that the award should be vacated.

## IV.     CONCLUSION

For the reasons set forth above, the Motion to Vacate, ECF 1, is denied. A separate Order follows.

Dated:  August 14, 2020

/s/<br>
Stephanie A. Gallagher<br>
United States District Judge